UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 12 2013
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| Fred M. Glover, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-0370 (UNA) |
| ) | |
| Royce C. Lamberth *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION

This action was dismissed on May 28, 2013, upon a determination that plaintiff had not complied with the filing fee requirements of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Order [Dkt. # 4]. On June 10, 2013, plaintiff submitted a document that is construed as a motion to reconsider under Fed. R. Civ. P. 59(e). Motions to reconsider final orders need not be granted "unless the district court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

In the instant motion, plaintiff disagrees that he failed to provide the requested prison trust fund account. Upon closer examination of the invoices attached to plaintiff's motion to proceed *in forma pauperis* [Dkt. # 2], the Court finds substantial compliance with the PLRA. Hence, the Court will vacate the dismissal order but having screened the complaint under 28 U.S.C. § 1915A, will now dismiss the complaint on the merits.

Plaintiff purports to sue U.S. District Judge Royce C. Lamberth of this Court and his warden in Terre Haute, Indiana, under 42 U.S.C. § 1983. He alleges, *inter alia*, that "defendants

1

... are operating in violation of partner Corporation ... United States Sentencing Commission ... and because of this direct violation Glover a flesh in blood people is injured thereby." Compl. at 2. Plaintiff seeks $32 million in damages and his "release from bond, bail or any laches of useless fictional claims." *Id.*

By its terms, section 1983 applies only to state actors, not the federal defendants named here. Regardless, the complaint is simply devoid of a cognizable claim, and Judge Lamberth, who is being sued presumably for acts taken as the presiding judge in plaintiff's criminal case, *United States v. Glover*, No. 96cr00011, enjoys absolute immunity from suit. *See Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed.Appx. 620 (D.C. Cir. 2009) (per curiam). Hence, this case stands dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

July 24, 2013